IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LEE HAMMERLUND,

                Plaintiff,

v.

THE AUTO CLUB GROUP and
UNITED STATES OF AMERICA,

                Defendants,

and

AIG PROPERTY CASUALTY,

                Intervenor.

OPINION & ORDER

17-cv-58-jdp

---

      A few years ago, plaintiff Kenneth Lee Hammerlund got into a car accident with Steven Bader. Hammerlund filed suit in state court against Bader and the Auto Club Group, Bader's insurer, and named AIG Property Casualty as an intervenor. Because Bader was acting within the scope of his federal employment when the accident occurred, the United States removed the suit to this court and substituted itself for Bader on January 30, 2017. Dkt. 1.

      The United States answered Hammerlund's complaint and filed an early motion for summary judgment (and a motion to stay the case, pending a decision on the motion for summary judgment). The United States contends that Hammerlund failed to exhaust administrative remedies before filing suit, as required under the Federal Tort Claims Act. Hammerlund opposes summary judgment, contending that he did not know that Bader was a federal employee when he filed suit.

      Hammerlund concedes that he did not exhaust administrative remedies before filing suit. Therefore, the court will grant the United States' motion for summary judgment. The

court will also grant Auto Club's motion for summary judgment because Bader's personal policy does not cover Hammerlund's claim against the United States.

## UNDISPUTED FACTS

Except where noted, the following facts are undisputed.

On February 18, 2014, Kenneth Lee Hammerlund and Steven Bader were involved in a car accident. When the accident occurred, Bader was acting within the scope of his employment with the Federal Deposit Insurance Corporation (FDIC): Bader was traveling from the FDIC Eau Claire, Wisconsin office to conduct a bank examination. The FDIC authorized Bader to travel in his personal vehicle for this purpose. After the accident, Bader gave Hammerlund his personal vehicle insurance information. No one disputes the fact that Bader was acting within the scope of his federal employment.

On December 14, 2016, 34 months after the accident, Hammerlund filed this suit against Bader and Auto Club, Bader's personal insurer, and named AIG Property Casualty as an intervenor. On January 30, 2017, the United States removed the suit to this court and moved to substitute itself for Bader. Dkt. 1; Dkt. 2; Dkt. 11. The United States answered Hammerlund's complaint by asserting, as an affirmative defense, Hammerlund's failure to exhaust administrative remedies before filing suit.

## ANALYSIS

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing defendants' motions for summary judgment, the court construes all facts and draws all reasonable inferences in Hammerlund's favor. *Id.* at 255. "To survive summary judgment, the nonmovant must produce sufficient admissible evidence, taken in the light most favorable to it, to return a jury verdict in its favor." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012).

**A. United States' motion for summary judgment**

Under the Federal Tort Claims Act, an individual may bring a claim against the United States "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Once such a claim accrues, a claimant has two years to present the claim, in writing, to "the appropriate federal agency," or that claim "shall be forever barred." 28 U.S.C. § 2401(b). A claimant *must* so present his claim before filing suit against the United States. 28 U.S.C. § 2675(a).

Hammerlund does not dispute that Bader was acting within the scope of his federal employment when the accident occurred, so Hammerlund has no choice but to proceed under the FTCA. 28 U.S.C. § 2679(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (The FTCA "is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment."). But Hammerlund has not presented his claim in writing to the appropriate federal agency; he concedes as much. So the court must dismiss his claim: "[a] plaintiff's failure to exhaust administrative remedies before he brings suit [under the FTCA] mandates dismissal of the claim." *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

The court could stop here. But it will briefly address Hammerlund's attempts to save his suit. Hammerlund contends that he did not have the chance to present his claim to the appropriate federal agency because he did not know that Bader was acting within the scope of his federal employment when he filed suit. But that does not excuse Hammerlund from complying with applicable exhaustion requirements. Hammerlund's suit, though commenced against Bader and not the United States, is still "subject to the limitations and exceptions applicable to" actions filed against the United States. 28 U.S.C. § 2679(d)(4). Hammerlund offers a strained argument that somehow his claim did not accrue until he learned that Bader was a federal employee. But this argument does not help him here. Regardless of when his claim accrued, Hammerlund must comply with the applicable exhaustion requirements. He did not present his claim to the appropriate federal agency; he does not get to proceed in this court.

Next, Hammerlund argues that he *did* comply with the exhaustion requirements by submitting a demand to Auto Club, Bader's insurer, citing *Douglas v. United States*, 658 F.2d 445, 447-48 (6th Cir. 1981), and *GAF Corp. v. United States*, 818 F.2d 901, 920 & n.110 (D.C. Cir. 1987). But neither case supports Hammerlund's contention that a private insurer may take the place of the "appropriate federal agency" for purposes of satisfying the FTCA's "compulsory administrative claim procedure." *Douglas*, 658 F.2d at 447. In fact, in both *Douglas* and *GAF Corp.*, the claimant presented his claim to the appropriate federal agency. Section 2675(a) explicitly requires that the claimant present his claim to the appropriate *federal* agency.

Hammerlund spends the rest of his time arguing for an adjusted accrual date, equitable estoppel, and equitable tolling. Hammerlund contends that because the time to present his claim to the appropriate federal agency has come and gone, dismissal now would leave him with no ability to pursue his claim. But these arguments are premature: they go to whether his

4

future efforts to present his claim in writing to the appropriate federal agency would be timely. Hammerlund may make a pitch for equitable tolling or other equitable relief after he presents his claim to the appropriate federal agency and comes back to the court in an attempt to re-institute this suit.

Hammerlund did not exhaust his administrative remedies, so the court must dismiss his suit. The court will grant the United States' motion for summary judgment.

## B. Auto Club's motion for summary judgment

Auto Club moves for summary judgment on Hammerlund's remaining claim against it, arguing that there's no coverage under Bader's policy.[1] As discussed, it is undisputed that Bader was acting within the scope of his federal employment when the accident occurred, so Hammerlund's exclusive cause of action is against the United States, pursuant to the FTCA. 28 U.S.C. § 2679(b)(1). Bader's Auto Club policy does not cover "the United States of America and any of its agencies," or "a person covered by the Federal Tort Claims Act." Dkt. 34-1, at 26.

At no point does Hammerlund contend that the policy covers his claim. Instead, Hammerlund reprises his equitable arguments: "[i]t would be inequitable and prejudicial to allow [Auto Club] out of this suit when Plaintiff was unaware of Mr. Bader's status as an employee of the United States at the time of the accident." Dkt. 38, at 4-5. True, when Hammerlund filed suit against Bader and Auto Club, he had every reason to believe that the

---

[1] In general, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). But the court may retain jurisdiction over state-law claims "when it is absolutely clear how the pendent claims can be decided." *Id.* Here, the court can make short work of Hammerlund's claims against Auto Club, so it will.

policy would cover his claim. And Auto Club even engaged in early settlement discussions with Hammerlund. But new facts have come to light since then—namely, the fact that Hammerlund's claim arises under the FTCA and is against the United States, not Bader. The court will not find coverage where there clearly is none.

Hammerlund argues that he relied on Auto Club's representations and actions that suggested coverage and that, as a result, Auto Club should be equitably estopped from denying coverage. This pitch fails. First, "[t]he general rule is well established that the doctrine of waiver or estoppel based upon the conduct or action of the insurer or its agent is not applicable to matters of coverage." *Maxwell v. Hartford Union High Sch. Dist.*, 2012 WI 58, ¶ 29, 341 Wis. 2d 238, 814 N.W.2d 484 (quoting *Shannon v. Shannon*, 150 Wis. 2d 434, 442 N.W.2d 25, 33 (1989)). "[E]stoppel can neither create an insurance contract where none exists, nor enlarge existing coverage." *Buchholz v. Rural Cmty. Ins. Co.*, 402 F. Supp. 2d 988, 995 (W.D. Wis. 2005) (quoting *Budget Rent-A-Car Sys., Inc. v. Shelby Ins. Grp.*, 197 Wis. 2d 663, 541 N.W.2d 178, 181 (Ct. App. 1995)). Second, nothing Auto Club did caused Hammerlund to act to his detriment where he might otherwise not have: Hammerlund could not have created coverage where there is none. Whether Bader's and Auto Club's representations regarding coverage and Bader's status as a private citizen caused Hammerlund to delay in filing suit is a question for another day, as discussed above. But nothing could have changed the fact that the policy does not cover Hammerlund's FTCA claim.

Bader's Auto Club policy does not cover Hammerlund's claims. The court will grant Auto Club's motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendant the United States' motion for summary judgment for failure to exhaust administrative remedies, Dkt. 21, is GRANTED.

2. Defendant the Auto Club Group's motion for summary judgment, Dkt. 33, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendants dismissing plaintiff Kenneth Lee Hammerlund's claims against all parties and close this case.

Entered July 24, 2017.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge